### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

**GLENN D. ODOM**                                                                                                          **PLAINTIFF**

**v.**                                                                                  **CIVIL ACTION NO. 5:24-CV-P48-JHM**

**ROBIN MCCALISTER** *et al.*                                                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  Plaintiff Glenn D. Odom has filed a motion for leave to amend the complaint (DN 5).  **IT IS ORDERED** that this motion (DN 5) is **GRANTED**.  The **Clerk of Court** is **DIRECTED to re-docket the amended complaint (DN 5-2) in a separate entry as of the date it was filed**.

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Glenn D. Odom is incarcerated at Kentucky State Penitentiary (KSP).  He brings this action against Kentucky Department of Corrections (KDOC) Ombudsman Allyson Lambert, KSP Grievance Coordinator Robin McAlister, KSP Warden Laura Plappert, and KSP Deputy Warden Jacob Bruce.

In the complaint, Plaintiff alleges that Defendants Plappert and Bruce directed Defendant McCalister to "slow walk" his grievances.  He then states:

> Dozens of inmate grievances are being lost, not filed, rejected for tiny reasons not listed in CPP 14.6 (grievance policy), and most of all, will just sat on McAlister's desk for nearly a year without receiving a reply.  CPP 14.6 pg. 11(7) demands that grievances be answer within ten (10) business days. . . .   Plaintiff has grievances that still have not received a reply although some have been filed over one (1) year ago – six (6) months ago, sixty (60) days ago, five (5) weeks ago etc.  Other inmates are experiencing the same neglect. . . .  Now Plaintiff is being denied a grievance

> committee – or "slow-walked" to receive such. This is clearly done to prevent exhaustion and to exceed the one (1) year statute of limitations. . . . Plaintiff's grievance committee will continue to be cancelled/postpone although he only three (3) months until his one (1) year statute of limitations are depleted. Also, [Defendant] McCalister will likely "slow-walk" his appeals to the Warden and Commissioner to prevent exhaustion/lawsuit. . . . Defendant Bruce, Plappert, and Lambert are aware of said hurdles and have authorized such – and/or ignores such hurdles. Many inmates are experiencing the same hurdles.

(DN 1).

In the amended complaint, Plaintiff alleges that because he has filed complaints regarding Defendants failure to respond to his grievances, "he was placed on unwarranted grievance restriction as retaliation." He states that he has a constitutional right "to file grievances, file complaints/write letters to seek responses on grievances (protected activity) – [Defendants] McAlister, Plappert, Bruce, and Lambert took adverse action against Plaintiff for using the grievance process . . . ."

As relief, Plaintiff seeks compensatory and punitive damages as well as a "consent decree outlining that Plaintiff (and others) have a constitutional right to file – and fully exhaust grievances, without months or years delays" and "injunctive relief allowing grievance exhaustion and immediate relief from [Defendant] McAlister's grievance hurdles" and "relief from grievance restriction." Plaintiff also filed a motion for a temporary restraining order seeking similar relief (DN 7).

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

2

*See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S.

3

635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991)

### A. Access to Grievance Procedure

Despite Plaintiff's assertions to the contrary, the Sixth Circuit has repeatedly held that there is no constitutional right to an effective grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 U.S. App. LEXIS 1915, at *5 (6th Cir. Feb. 7, 2000); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases).

There is also no constitutional violation where prison officials fail to follow a prison's grievance procedure. *Laney v. Farley*, 501 F.3d 577, 581 n. 2 (6th Cir. 2007) ("[A] § 1983 claim may not be based upon a violation of state procedure that does not violate federal law."); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992) ("failure to comply with a state regulation is not itself a constitutional violation"); *see also Betty v. McKee*, No. 19-1117, 2020 U.S. App. LEXIS 22764, at *6 (6th Cir. July 21, 2021) ("defendants' alleged failure to comply with MDOC's policy directives does not rise to the level of a constitutional violation that is cognizable under § 1983"); *Walton v. Heyns*, No. 14-1677, 2016 U.S. App. LEXIS 24757, at *4 (6th Cir. Jan. 12, 2016) ("alleged violations of the prison's grievance policy do not set forth violations of federal law").

Moreover, even if Defendants have improperly prevented Plaintiff from exhausting the grievance process, "his right of access to the courts to petition for redress of his grievances (*i.e.*,

by filing a lawsuit) [is not] compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim." *Williams v. Washington*, No. 1:19-cv-869, 2020 U.S. Dist. LEXIS 8252, at *6 (W.D. Mich. Jan. 17, 2020) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977)). The exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff has been improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil-rights action. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Alexander v. Vittitow*, No. 17-1075, 2017 U.S. App. LEXIS 22601, at *6-7 (6th Cir. Nov. 9, 2017) (citing *Walker*, 128 F. App'x at 446); *Kennedy v. Tallio*, 20 F. App'x 469, 470 (6th Cir. 2001).

Thus, Plaintiff's claims based on Defendants' alleged failure to comply with the provisions of KSP's grievance procedure must be dismissed for failure to state a claim upon which relief may be granted.

**B. Retaliation**

The Court next addresses Plaintiff's allegation that Defendants retaliated against him for filing grievances and complaints about the lack of response to his grievances by placing him on a "grievance restriction."

To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was

motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

For purposes of this initial review, the Court will assume that Plaintiff's allegation satisfies the first and third prongs of this standard. As to the second prong, the "Sixth Circuit has repeatedly held that placement on modified access [to filing grievances] does not constitute an adverse action for purposes of a retaliation claim." *Weatherspoon v. Williams*, No. 2:14-cv-108, 2015 U.S. Dist. LEXIS 59081, at *12 (W.D. Mich. May 6, 2015) (citing *Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005)); *Walker*, 128 F. App'x at 446; *Kennedy*, 20 F. App'x at 471; *Corsetti v. McGinnis*, 24 F. App'x 238, 241 (6th Cir. 2001). This is because the right to file institutional grievances without being subjected to retaliation extends only to the filing of non-frivolous grievances and "an ordinary person of reasonable firmness would not be deterred from filing non-frivolous grievances merely because he or she had been placed on modified status." *Walker*, 128 F. App'x at 446.

Thus, because Plaintiff's allegations fail to show an adverse action under the standard set forth in *Thaddeus-X*, his retaliation claim must also be dismissed for failure to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: April 24, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011